[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The defendant-appellant, Maurice Smith, appeals from the trial court's judgment imposing a three-year prison term for failure to comply with the terms of his community control sanctions.
 {¶ 3} Smith entered into a plea agreement in which he pleaded guilty to robbery and possession of cocaine in return for an agreed sentence of three years' community control. In sentencing Smith to community control, the trial court said, "You need to cooperate fully with all the conditions that I just outlined. And if you don't, they will violate you and you will come back in front of me, and I can send you to prison for up to five years on the robbery charge and up to one year on the cocaine charge. So you are looking at a maximum penalty of up to six years in prison."
 {¶ 4} In his first assignment of error Smith, contends that the trial court did not "indicate the specific prison term that [could] be imposed," as required by R.C. 2929.19(B)(5), when sentencing him to a community-control sanction. In State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-3297, we held that literal compliance with R.C. 2929.19(B)(5) is a precondition to imposing a prison sentence for a violation of a community-control sanction. We concluded that informing the defendant of a potential maximum term does not satisfy the statutory requirement of informing the defendant of the specific sentence that will be imposed if the trial court chooses to impose a prison term. Id. Although the trial court sentenced Smith before Giles, we must, nevertheless, sustain the first assignment of error.
 {¶ 5} Smith's second assignment of error, which contends that the trial court, in imposing a prison term, failed to consider his mental disorders and his ability to comply with community-control sanctions as required by R.C. 2929.12(C)(4), is rendered moot by our decision regarding his first assignment of error.
 {¶ 6} The judgment of the trial court is reversed, and we remand this case to the trial court for resentencing on Smith's violation of his community-control sanctions.
 {¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman, and Winkler, JJ.